## Case No. 9,854.

### In re MORSE.

#### [13 N. B. R. (1876) 376.] [1]

#### District Court, D. Massachusetts.

BANKRUPTCY—PARTNERSHIP—ONE OR MORE PRO-
CEEDINGS—JOINT ASSETS—SEPARATE ASSETS.

1. It is of no consequence, excepting in the matter of expense, whether there are two proceedings by or against partners, or only one, for everything is conducted in the same way, and the rights of creditors and all others are precisely the same.

2. If a partner after a formal dissolution continues to carry on business under the firm name, with the consent of his co-partner, his trade assets should be treated as joint assets.

3. Where partners file separate petitions, the firm creditors must be postponed to the separate creditors, in the distribution of the separate estate, whether there are joint assets or not.

[In the matter of Edward P. Morse, a bankrupt.]

Perry & Creech, for assignees.
Bumpus & Johnson, for creditor.

LOWELL, District Judge. The question whether Jewett & Pitcher can prove a debt of eight thousand three hundred and eighty-three dollars and eighteen cents against the estate of Morse, is submitted upon an agreed statement of facts, which is somewhat meager. If I misunderstand the facts, there will be an opportunity to correct me. As I read the statement, Morse was a member of the firm of Morse & Haskell, lumber-dealers in Charlestown, and carried on, besides, a separate trade at Methuen. Both partners were made bankrupt, but by separate petitions, and the cases have been carried on together substantially as one.

It is of no consequence, excepting in the matter of expense, whether there are two proceedings by or against two partners, or only one; everything is conducted in the same way, and the rights of creditors and all others are precisely the same. It is agreed that at some time before bankruptcy the firm of Morse & Haskell was dissolved, but when this was done is not stated. It does appear, however, that no notice of dissolution was given, and that Haskell continued to trade as Morse & Haskell, and, I infer, with Morse's consent. Haskell has no separate creditors to any amount, and all the firm debts have been proved in his case, and a dividend has been paid.

Jewett & Pitcher hold a note of Morse & Haskell, which they have thus proved against Haskell's estate, and have received a dividend. They stand, therefore, like all the other joint creditors, and the question is whether they can share in the separate estate of Morse. It is said, in the agreement of facts, that there is no joint estate, and no solvent partner. If this were so, it would not, in my opinion, change the decision at all, for reasons I have

given some years since, at large. But the fact is not so. or rather the inference from the other facts negatives this. If there was a formal dissolution as between the partners, and no notice given, and the name of Morse was continued with his consent, I think there was in law no dissolution, and that the creditors of the firm have the right, which it seems they have enjoyed, of proving against the goods which Haskell, so carrying on the business, had in that business. His trade assets have been treated as joint assets, and I think properly.

Joint creditors, then, on any interpretation of the law as applied to the marshaling of the assets, cannot share the separate estate of Morse until his separate creditors have been paid in full.

Proof suspended until separate costs have been paid in full.